## Joseph George, Executor, &c. *versus* Caleb Cushing, Administrator, &c.

The holder of a promissory note bequeathed to his wife all the income or interest of his personal estate, and his administrator from time to time paid to the wife, out of the estate, an amount equal to such income, without taking any receipt; but nothing was received upon such note till after the death of the wife, when the note was paid to an administrator *de bonis non*. In an action by the executor of the wife against the administrator *de bonis non*, to recover the interest which accrued on the note from the time of the death of the testator until that of the wife, it was *held*, that the payments to the widow, by the original administrator, were not admissible in evidence as a *payment* of such interest; that the re-delivery of the note by the widow, after it had been indorsed to her by the original administrator, was not evidence of an intent to relinquish her claims to such interest ; and that evidence of fraud on the part of the widow and the original administrator, who was also her residuary legatee, for the purpose of defeating the rights of those claiming under the will of her husband, was not a defence to such action.

At the trial of this case, before *Morton* J., the following facts appeared in evidence.

On June 9, 1827, John Brown died, leaving a will which contained the following clause : " I give to my beloved wife, Ann Brown, all my household furniture, to her and her heirs ; also the income or interest of all the personal estate, that I shall have at my decease, after my just debts, funeral charges, and expenses of administration, are paid." The will was proved on the 26th of June, and Clement Starr, the son of Ann Brown, was appointed administrator with the will annexed.

On August 14, 1827, Starr presented to the Probate Court an inventory of the property of the deceased, amounting to the sum of $4123·93, which inventory was subsequently approved. In this inventory were included three promissory notes made by Robert Laird, amounting to the sum of $800, which were payable on demand, with interest.

On May 30, 1830, Ann Brown died, and by her will made Starr her residuary legatee, and appointed the plaintiff her executor On July 13, 1830, an action was commenced in the name of Starr as administrator of John Brown, upon two of the notes and upon a note which had been given in exchange for the third, the interest due being included, and real estate belonging to Laird was attached. On December 20, 1830,

udgment was rendered for the plaintiff in that action, in the sum of $1000, damages and costs ; and on January 22, 1831, the execution was extended on the real estate, and satisfied to that amount.

In June, 1831, Starr was removed from the office of administrator of John Brown, and the defendant was appointed administrator *de bonis non,* with the will annexed, in his stead.

The real estate attached and extended upon was subsequently redeemed, and the sum of $965 was received by the defendant therefor, viz. $675, on September 27, 1831, and $290, on July 2, 1832.

The plaintiff, by virtue of the clause in the will of John Brown, above recited, claimed the whole of the interest which had accrued on $800, the principal of Laird's notes, from the time of John Brown's death until the decease of Ann Brown, amounting to the sum of $142·67, and also interest thereon from the time of her death    It further appeared, that neither Ann Brown, nor the plaintiff, as her representative, had ever given a receipt for such interest, or any portion thereof.

The defendant offered to prove, that Starr had, from time to time, after the death of John Brown, paid and delivered to Ann Brown, out of the estate of John Brown in his hands, the full amount of the interest and income of John Brown's personal estate.

The defendant offered further to prove, that Starr and Ann Brown fraudulently conspired together to vest in her the whole of the estate of John Brown, by fraudulent conveyances and other devices, in order that she might hold the same during her lifetime and devise the same to Starr as her property, in breach of his trust as administrator, and to the defrauding of certain residuary legatees under the will of John Brown ; that in part by such fraud and collusion, Starr converted to his own use the whole of the estate of John Brown, except the sum of $965, which had been received by the defendant, as is before mentioned ; that the will under which the plaintiff claimed, was part of the series of such fraudulent acts and conveyances ; that the specific notes in question were covinously, and without any lawful consideration, indorsed to Ann Brown by Starr for the purpose of thereby defrauding such legatees

38 *

George
*v.*
Cushing

and the sureties on the probate bond of Starr; that such fraud ulent proceedings came to the knowledge of the parties inter- ested and they remonstrated against the same; that thereupon Ann Brown, repenting of her fraud and collusion, voluntarily relinquished all her claim to or upon such notes, in cons quence of which the proceeds of the same came into the hands of the defendant, to be held by him for the benefit of the re siduary legatees of John Brown.

It appeared that in fact, the notes were re-delivered by Ann Brown to Starr.

The judge thereupon intimated his opinion to be, that the plaintiff was entitled to recover the interest claimed by him on the notes; and that the facts offered in evidence would not, if proved, constitute a defence to this action, so far as such interest was involved in it.

The cause was then taken from the jury and a default en- tered. If the whole Court should concur in the opinion ex- pressed by the presiding judge, the default was to stand, and judgment was to be entered for such an amount as the Court might direct; otherwise, a new trial was to be had.

*Nov. 4th.* *Saltonstall* and *Cushing*, for the defendant, to the point, that the bequest to Ann Brown, was a general, and not a spe cific legacy, and so, that the payments made to her by Starr, were a payment of the interest and income bequeathed to her, cited *Lewin* v. *Lewin*, 2 Ves. sen. 417; *Hume* v. *Edwards*, 3 Atk. 693; 2 Williams on Executors, 742; *Ashburner* v *Macguire*, 2 Bro. C. C. 108; *Chaworth* v. *Beech*, 4 Ves. 556; *Innes* v. *Johnson*, 4 Ves. 568; *Stanley* v. *Potter*, 2 Cox's Eq. Cas. 180; to the point, that if an executor do, without application to the court, what the court would have approved, he will not be called on to undo it, merely because it was done without such application, *Andrews* v. *Partington*, 3 Bro. C. C. 60; *Lee* v. *Brown*, 4 Ves. 369; *Ex parte Dudley*, 1 Jac. & Walk. 254, note; to the point, that the re-delivery of the notes was a relinquishment of all claim to the interest accrued thereon, it not being necessary that such relinquish- ment should be in writing, Bayley on Bills, 65; *Jones* v. *Wit- ter*, 13 Mass. R. 305; and to the point, that as Starr was the residuary legatee of Ann Brown, this action was in fact brought

for his benefit, and therefore could not be maintained, it being for a claim which originated in fraud, *Winchell* v. *Stiles*, 15 Mass. R. 232 ; *Potter* v. *Wheeler*, 13 Mass. R. 507 ; *Stone* v. *Davis*, 14 Mass. R. 362 ; *Fermor's case*, 3 Co. R. 78.

*Choate* and *Cross*, for the plaintiff, to the point, that the payments to Ann Brown by Starr, could not be given in evidence as a payment of the interest and income bequeathed to her, they not being made and accepted as such, cited *Clark* v. *Leach*, 10 Mass. R. 51.

SHAW C. J. delivered the opinion of the Court. There seems to be no question that under the will of John Brown, Ann Brown was entitled to the income of all the personal property, left by her husband, after payment of debts and during her life.

If the notes had remained specifically on interest, she was entitled to that interest when collected. Here it was collected, and came into the hands of the defendant as the administrator *de bonis non* of the husband's estate. The amount thus collected embraced all the interest which accrued on these notes, from the death of John Brown, to the death of Ann Brown. The debt when paid, embraced the interest which accrued during that period ; to that extent the defendant received it in trust for the widow, and payable to her personal representative.

This would seem very clear but for grounds taken in the defence.

1. Payment. Looking at the report critically and the offer of evidence, it might leave it open to doubt, whether the proof did not go to show that she had received of the former administrator, Starr, the amount of all the income, &c., though no receipt was given.

But we understand, especially from the grounds on which it has been argued, that Starr had delivered over to his mother, property which Starr could have derived only from the estate of the testator, to an amount equal to, or greater than such income, but not taken on one side, or delivered on the other, as satisfaction of her claims under the will. And the Court are of opinion, that this was not evidence of a *payment*.

Without the evidence further offered, of fraud and collusion, it would not be evidence from which a jury could infer

*George v. Cushing*

*Nov. 7th.*

George
*v.*
Cushing.

payment, especially of income not then collected, and which was so situated as to leave it uncertain whether it would be collected.

No presumption could arise, that any property was delivered in discharge of this income, because it had not been collected in fact by Starr, or by anybody till after Ann Brown's death.

2. The delivery of the notes. This surrender of the notes to the administrator is no evidence of her intent to relinquish her claims to the interest. The administrator was the only party who could legally commence an action, either for the principal or interest, and he was the party entitled to the custody of the notes.

3. Fraud, between Clement Starr and his mother, to defeat the rights of those claiming under the will. Such fraud, if proved, would be no defence to this action. It does not show, that this demand originates in fraud, or that to allow this demand, would be to enforce and carry into effect such fraudulent purpose.

It is said, that this is one of the expedients originally contemplated by the fraudulent conspiracy, and to allow this action would promote it, because Clement Starr is residuary legatee, and in effect the party suing in this action.

But this is not a correct view of the subject. Probate is conclusive evidence of the validity of the will, and the capacity of the plaintiff, as the representative of the widow, his intestate. And besides, the present plaintiff is the representative of creditors as well as legatees, and this whole fund, for aught we can know, may be necessary to the payment of debts.

The plaintiff holds a representative character conferred on him by law, and as such is entitled to recover that portion of the amount collected by the defendant on Laird's notes, which consisted of interest.

*Judgment on the default.*